RODRÍGUEZ & PALACIOS, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 168. Argued April 15, 1948.—Decided April 27, 1948.

636

*E. T. Fiddler, Tomás I. Nido, José G. González,* and *Mariano Canales* for petitioner. *Luis Negrón Fernández, Attorney General,* and *Elmer Toro Lucchetti,* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

We granted certiorari to review the decision of the Tax Court sustaining notices of deficiency for income taxes sent by the Treasurer to Rodríguez y Palacios, a mercantile partnership engaged in the wholesale provision business, for 1936, 1937 and 1939.

The taxpayer argues first that the right of the Treasurer to notify it of a deficiency for 1936 had prescribed. The return for 1935–36 was filed on May 12, 1936. The notice of deficiency was made on December 30, 1941. The taxpayer therefore contends that on May 12, 1941—five years after the return was filed—the Treasurer lost his right to assess this deficiency, in view of the provision in § 60(*a*) of the Income Tax Act, as it read on May 12, 1941, of a five-year statute of limitations for deficiencies.

However, on April 12, 1941, § 60(a)(1) was amended by § 24 of Act No. 31, Laws of Puerto Rico, 1941, to provide for a seven instead of a five-year statute of limitations for deficiencies. This case therefore raises the question we left open in *Ana Maria Sugar Co.* v. *Tax Court*, 64 P.R.R. 248, 250: "whether the Legislature could by this amendment validly revive a cause of action which had already been barred under the earlier five-year statute."

The taxpayer apparently does not argue that the Legislature did not intend the amendment to cover the instant case. Rather it contends that § 24 of Act No. 31 is invalid as applied to this case. While the taxpayer does not say so specifically, presumably its theory is that when the five-year statute had run, it had acquired a vested right of which it was deprived without due process of law by the amendment extending the statute of limitations two more years.

This exact question has been decided contrary to the contention of the taxpayer. "The basis of the decision is that the statute bars only the remedy and not the right, and that no one can object if an expired remedy is permitted by a statute to be exercised." 10 Mertens, Law of Federal Income Taxation, § 57.95, p. 270, and cases cited. A statute of limitations against the collection of taxes is a matter of grace, which the Legislature is at liberty to modify. Even after the remedy is barred, it may be reestablished in order for the Treasurer to enforce the right. And the statute "though retroactive, is not unconstitutional, for the petitioner had no vested right not to have a deficiency assessed against it." *United Thacker Coal Co.* v. *Com'r.*, 46 F. (2d) 231, 233 (C.C.A. 1, 1931); *Simmons Mfg. Co.* v. *Routzahn*, 62 F. (2d) 947, 949 (C.C.A. 6, 1933). Cf. Annotation, 133 A.L.R. 384.

The second point of the petitioner is that the Tax Court erred in sustaining the action of the Treasurer (a) in rejecting the profit reported by the taxpayer on the ground

that its books did not truly reflect its income, and (b) in estimating its gross profit as 6 per cent of its sales, for 1936, 1939, and 5.7 per cent for 1937, pursuant to § 14(b) of the Income Tax Act. This action of the Treasurer resulted in the deficiencies under consideration herein.

We see no purpose in summarizing the evidence. It is sufficient to say that there was some evidence in the record in justification of the finding of fact of the Tax Court that the books and records of the taxpayer were not sufficiently complete for the Treasurer to determine if they reflected accurately the net income of the taxpayer. As the record is not devoid of evidence on this question, we are not at liberty to interfere with the finding of fact of the Tax Court on this point. *Buscaglia* v. *Tax Court, Pérez Vahamonde, Intervenor,* 68 P.R.R. 322; *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737, 744–45; cf. *Dobson* v. *Commissioner,* 320 U.S. 489.

Under these circumstances, the Treasurer was justified in asserting that the gross profits of the taxpayer for these years were that per cent of sales which investigation showed similar businesses had earned in these years. See *J. B. López, Sucrs.* v. *Tax Court,* 65 P.R.R. 179, 187–88. The Treasurer offered testimony of the percentage earnings of similar businesses for these years. The Tax Court believed this testimony. As already noted, we are not at liberty to reject the findings of fact of the Tax Court based on testimony. We recognize that an occasional injustice may spring from determining taxable income by this percentage method. But the taxpayer has only itself to blame for its plight because it failed to keep books which clearly reflected its income.

The decision of the Tax Court will be affirmed.